IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSEPH A. COBBS,
      Plaintiff,

vs.                                  5:06cv95/RH/MD

JAMES MCDONOUGH, et al.
      Defendants.

## **REPORT AND RECOMMENDATION**

      This cause is before the court upon referral from the clerk. Plaintiff initiated this cause through the filing of a civil complaint and a motion for leave to proceed *in forma pauperis* on May 10, 2006. Leave to so proceed was granted on June 20, 2006 and an initial partial filing fee of $16.67 was assessed. (Doc. 8). Plaintiff moved for extensions of time to pay the initial partial filing fee, which were granted and to cancel the initial partial filing fee (doc. 9, 10, 13, 14, 15). The latter motion was denied because the court found that plaintiff had spent $100.99 from his prison inmate account in the week after it had been printed for submission to this court, knowing that he was about to incur a financial obligation to this court. (Doc. 16). On December 19, 2006, nearly six months after the initial partial filing fee had been assessed, the court entered an order to show cause why this case should not be dismissed due to plaintiff's failure to make the required payment to the court. (Doc. 17). In response, plaintiff filed a "petition to show cause" in which he notes that "free citizens" do not have financial limitations placed on their ability to file cases, and that a lien has been placed on his account, and requests that his case proceed until he can obtain the assets needed in this case. (Doc. 18). Over thirty days have passed since this pleading was received by the clerk and still, the initial partial filing fee remains unpaid. This alone is grounds for dismissal of the plaintiff's case.

In addition, the allegations in the complaint do not appear to rise to the level of a constitutional violation. Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined. *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)).

A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 , 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective

and a subjective inquiry. *Farrow, supra; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995).  First, a plaintiff must set forth evidence of an objectively serious medical need.  *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543.  Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. at 834 (1994); *McElligott*, 182 F.3d at 1254; *Campbell*, 169 F.3d at 1363.

The Eleventh Circuit considers a serious medical need to be "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow,* 320 F.3d at 1243 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted).  In either instance, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow,* 320 F.3d at 1243 (quoting *Taylor*, 221 F.3d at 1258 (quoting *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970)); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970,1977, 128 L.Ed.2d 811 (1994). Circuit precedent recognizes a range of medical needs that are sufficiently serious to constitute "serious medical needs" for purposes of the Eighth Amendment and some medical needs that are not.[1]

---

[1]The *Farrow* court cited the following examples:  *Adams v. Poag*, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995) (asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), and *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (painful broken foot can be serious medical need), and *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (evidence showing that plaintiff's leg collapsed under him, was deteriorating, caused pain when moved, and that he was virtually unable to walk, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985) (one-and-a-half-inch cut over detainee's eye bleeding for two and a half hours was a serious medical need), with *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (inmate's "pseudofolliculitis barbae" or "shaving bumps," even if shaving required by prison officials when physician ordered otherwise, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment"), and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978) (inmate's high blood pressure presented no "true danger" or "serious threat" to his health; he also had full range of motion in his shoulder despite continuing pain from a three-year old injury). See also *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (prisoner's HIV and hepatitis were serious medical needs);

To satisfy the subjective element of deliberate indifference to a prisoner's serious medical need, plaintiff must prove three things: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004); see also *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) (noting, after *Farmer v. Brennan*, 114 S.Ct. 1970 (1994), that gross negligence fails to satisfy state-of-mind requirement for deliberate indifference)); *Farrow*, 320 F.3d at 1245-46 (citing *McElligott*, 182 F.3d at 1255; *Taylor*, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need"). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n.4 (5th Cir. 1980).

Obviously, a complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991)(quoting *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. *Estelle*, 429 U.S. at 107, 97 S.Ct. at 292; *Hamm*, 774 F.2d at 1575. A difference of opinion over matters of medical judgment does not give rise to a constitutional claim. *Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir. 1999); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Nonetheless, the court can find that the medical treatment was so slight as to amount to no treatment at all, and therefore the mere fact that treatment was provided does not end the inquiry. *Waldrop*, 871 F.2d at 1035. Similarly, grossly incompetent medical care or choice of an easier but less efficacious

course of treatment can constitute deliberate indifference. *McElligott*, 182 F.3d at 1255. For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Farrow,* 320 F.3d at 1246 (quoting *Lancaster v. Monroe County*, 116 F.3d 1419, 1425 (11th Cir. 1997)).

Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow,* 320 F.3d at 1246 (quoting *McElligott*, 182 F.3d at 1255). "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272 n. 11 (11th Cir. 2005) (quoting *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994)). A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Farrow*, 320 F.3d at 1246 (citing *Hill*, 40 F.3d at 1190 n. 26; *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986) (citing *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985))). "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition and considering the reason for delay." *Hill,* 40 F.3d at 1189. "[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." *Bozeman v. Orum*, 422 F.3d 1265, 1272, n. 11 (11th Cir. 2005) (quoting *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997); accord *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1187 (11th Cir.1994); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990); *Thomas v. Town of Davie*, 847 F.2d 771, 772 (11th Cir. 1988); *Aldridge v. Montgomery*, 753 F.2d 970, 972-73 (11th Cir. 1985)).

In this case, plaintiff alleges that his "headaches and dizziness" were untreated for ten months.[2]  Although he names five defendants in this action: Secretary James McDonough, Dr. N.B. Gilo, P.A. Salvador, S.R.N. John Doe and S.R.N. Jane Doe, only P.A. Salvador appears to have been directly responsible for plaintiff's treatment.  And, although he claims that he was denied or delayed access to adequate medical care, and seeks damages for emotional and physical injury, he does not allege any harm that came to him as a result.  Plaintiff seemed to believe that his symptoms were related to heart problems, but when he saw a specialist, the doctor said that the symptoms had nothing to do with his heart.  He does not explain any other symptoms he had or indicate any permanent or lasting ill effects.  Therefore, plaintiff has failed to establish a constitutional violation against any of the named defendants, and his claim is subject to dismissal for failure to state a claim as well.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's failure to comply with an order of the court and failure to prosecute this action, or in the alternative for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 16th day of February, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In his administrative grievances, plaintiff refers to dizziness and chest pain.

*Case No: 5:06cv95/LAC/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).